Robert J. **KNIGHT,** Plaintiff–Appellant,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH,** Defendant–Appellee.

No. 08–16024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2009.

Filed Oct. 21, 2009.

Timothy A. Canning, Law Offices of Timothy A. Canning, Arcata, CA, for Plaintiff–Appellant.

Michael J. Fortunato, Esquire, Rubin Fortunato & Harbison, PC, Paoli, PA, Kenneth C. Mennemeier, Jr., Mennemeier, Glassman & Stroud, LLP, Sacramento, CA, for Defendant–Appellee.

Before: GOODWIN and PAEZ, Circuit Judges, and CARNEY,* District Judge.

MEMORANDUM **

Robert J. Knight appeals the district court's order denying his motion to vacate an arbitration decision issued by a panel appointed by the National Association of Securities Dealers ("NASD"). The panel dismissed Knight's claims for breach of an implied contract and other causes of action arising from the termination of his employment with Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). We must determine whether the arbitration panel exceeded its authority or manifestly disregarded the law when it issued its decision in favor of Merrill Lynch. *See* 9 U.S.C. § 10(a); *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 341 F.3d 987, 997–98 (9th Cir.2003) (en banc). We see no such error and, accordingly, we affirm.

Knight contends that the arbitration panel exceeded its authority by not holding an adequate hearing on his claims pursuant to the NASD Code of Arbitration Procedure and the parties' arbitration agreement. After Merrill Lynch moved to dismiss Knight's claims as untimely under the applicable statutes of limitations under California law, the panel held two telephonic conferences. Knight points to the fact that the two hearings held by the arbitration panel were telephonic, no wit-

nesses were sworn, no witnesses were cross-examined, no documents were formally received into evidence, and only counsel for the parties, but not the parties themselves, attended. We do not agree with Knight that the arbitration panel exceeded its authority when it conducted the hearings in this manner. Neither the NASD Code of Arbitration nor the parties' arbitration agreement defines the requirements of a hearing, and the arbitration panel reasonably decided to conduct the hearings telephonically without live witness testimony and cross-examination. There were no material factual issues in dispute between the parties. The disputed, material legal issues—the applicability of California's statutes of limitations in arbitration and the proper limitations periods—could be fairly resolved without live witness testimony. Although Knight did not participate in the telephonic hearings, he was not precluded from doing so. Importantly, he was represented by counsel at both hearings. The arbitration panel did not exceed its authority in determining the manner in which it conducted the hearings on Knight's claims.[1] *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002).

Knight also contends that the arbitration panel manifestly disregarded state and federal law by applying California statutes of limitations to his claims. We disagree. Section 10304(c) of the NASD Code of Arbitration specifically contemplates the application of state and federal statutes of limitations, and the arbitration panel cor-

---

* The Honorable Cormac J. Carney, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Mr. Knight also criticizes the arbitration panel for not following an advisory script during the hearings, not maintaining transcripts of the hearings, and not requiring a mutual exchange of witness and exhibit lists before the hearings. Mr. Knight never raised these criticisms with the arbitration panel, and he has not shown that he has suffered any prejudice by the panel's decision not to conduct the hearings in such a manner.

rectly applied the California statutes of limitations to all of Knight's claims. The panel also correctly concluded that Knight's claim for breach of an implied contract was barred by California's two-year statute of limitations applicable to claims not founded upon an instrument in writing. The arbitration panel properly rejected Knight's argument that his implied contract claim was based on a written contract because Knight failed to identify any document that supported his claims. The two documents that Knight provided—his written employment agreement and employment manual—both explicitly provided that Knight's employment was at-will.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.